COA NO. 14-11-01040-CR    Tr. Ct. NO. 1316314-B    WR-78,049-03

78,049-03

Ex Parte                          §    In the Texas Court

Thomas L. Swan,                   §    OF

Applicant                         §    Criminal Appeals

RECEIVED IN
COURT OF CRIMINAL APPEALS
DEC 08 2014
Abel Acosta, Clerk

Motion to Docket Cause

Comes Now, Thomas L. Swan, Applicant appearing pro se, humbly requests that this Honorable Court pursuant to code of Criminal Procedure Article 11.07 Subsection 5, docket this cause to be heard de novo upon the particular claims made therein with regards to this Courts prior holdings which are held to be the controlling Law in Texas. In this cause, upon the untimely suggestion of the State, the trial court (habeas Court) has miscategorized particular claims made by the Applicant with regards to CCA precident and therefore has denied the equitable right of collateral attack to this Applicant by refusing to properly test his particular allegations with the statute and controlling Law. (see accompanying memorandum),(and objections to the habeas Courts findings).

Prayer

This Applicant humbly prays this Honorable Court will docket this cause to be heard in the best interest of Justice in order to preserve habeas corpus as a vehicle to test the validity of our justice system with regards to particular claims of violations of State and Federal Law.

MOTION DENIED
DATE: 2-11-15
BY: PC

_____ Accepted

_____ Rejected

Respectfully Submitted
12/2/14

Thomas L. Swan #1754565
1391 F.M. 3328 Beto Unit
Tenn. Colony, TX 75880

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 13 2015
Abel Acosta, Clerk

Ex Parte                          §        IN the Texas Court
Thomas L. Swan,                   §
                                           OF
Applicant
                                  §        Criminal Appeals

Objections to the habeas courts findings and Accompanying memorandum to motion to docket cause to be heard de novo

Comes Now, Thomas L. Swan, Applicant appearing pro se, humbly requests that this Honorable Court accept these objections and accompanying memorandum for as true and correct and docket this cause to be heard de novo pursuant to C.C.P. art 11.07 Section 5 and T. RA. P. 73.4(b)(4) as the record will show the following:

1. The Texas Code of Criminal Procedure affords the State 15 days from the receipt of the timely filed application for post-conviction habeas corpus to file an answer to the claims made by the applicant in the application. However, in the instant cause, the Applicant's Certified Mail Domestic Return receipt #7010 0290 0000 9209 6926 signed by Lisa Rodriguez was received in the habeas court on 3-17-14, to which the State elects not to timely answer but issues a motion to designate the issue of whether the applicant was denied the effective assistance of counsel on 4-14-14 which was adopted by the habeas court on 4-16-14. The State only files an answer on 9-4-14, well outside of the alloted time in which to file a reply per statute. See CCP art 11.07. With the foregoing being true and the controlling statute makes no allowance for 6 months to reply, the Applicant respectfully objects to the untimely filing of the States original Answer and contends that it by virtue of procedure should not have been considered by the habeas court. In as much, the Applicant respectfully requests that this Honorable Court pursuant to CCP. art 11.07 Sec. 5 docket this cause to be heard de novo upon the particular claims made there in.

2. In the untimely original answer and Amended original answer, the State erroneously elects that the applicants first alleged error, that the affirming of his conviction by the 14th court of appeals on a constitutionally impermissable basis is not of a

1

Jurisdictional nature nor is it regarding a fundamental or constitutional right and therefore not cognizable and without merit. The particular claim(s) are that to affirm a conviction based in a sufficiency of the evidence claim of a crime not pled in a valid indictment and therefore would not be considered in a sufficiency analysis, was a violation of due process. According to this courts interpretation of ascertaining what the substantive elements of an offense are per Jackson v. Virginia, allowing the 14th Court of Appeals to affirm upon a charge not made under the statute violates due process. See this courts holding in Gollihar 46 S.W. 3d 254-258. Further, the Applicant particularly claims that affirming his conviction on a charge not made nor submitted to his jury violates due process as articulated by the Supreme Court in Dunn V. U.S. 442 U.S. 100 (citing Cole V Ark. 333 U.S. 196), and McCormick V. U.S. 270 see note 8, in regards to affirming this conviction upon the instruction of manslaughter by a peice of concrete which was neither pled in an indictment (#1316314) nor presented to a jury. The principle of this

due process violation was further reiterated by this Court in the case of Jason Wooley 273 S.W. 3d 260, on Petition for discretionary review from the very same 14th court of Appeals. Here this Court found that Supreme Court precident states that it violates due process for a court of Appeals to affirm a conviction based upon facts/theories not submitted to a jury.

3. In regards to the applicants second ground for relief, that his conviction was obtained through the use of an unconstitutional jury charge, the state in its untimely original answer suggests that the charge given in this cause is proper due to there being "some" evidence that manslaughter occured. However, the Applicant's particular claim is that of jurisdictional nature in that the indictment #1316314 to which the state pro ceeded to use in

this cause does not list recklessness anywhere on its face, which under state law neither confers jurisdiction, nor does it properly inform the applicant of the particular offense to which he is charged, without violating this courts holdings in Lawson 64 S.w.3d 397 with regards to the "murder felony" rule against predicating a murder prosecution on a manslaught-er.

2

Next, upon its untimely amended original answer, the state revises the basis for which it suggests the denial of relcif by stating that the applicant did not raise the issue of charge error on direct appeal where they "generally" must be raised and is therefore not cognizable. The state thus goes on to provide a lesser included analysis based on whether there should have been an instruction on the offense of manslaughter due to an evidentiary nature. The particular claim is that the charge failed to track the indictment allegations and therefore should be reversed in accordance with this courts holdings in Jackson v. State 578 S.w. 2d 748, and Almanza v. State 686. " A charge _not_ subsumed/contained in the indictment but submitted to the jury is held to be reversible error by the court..." Jackson at 746-748; "Error in the courts charge should be urged on direct appeal and will not be considered on a writ of habeas corpus, unless, the error resulted in a denial of a fair trial or due process." Cupp v Naughton 414 U.S. 141,147. "When a jury charge issue is considered on habeas corpus, the applicable standard of review is applied under Almanza." see Almanza V. State 686 S.w.2d 174 (Tx Crim App 1984). The claim made by the applicant is not of an evidentiary nature and has not been tested by the habeas court.

4. In regards to the applicants third ground for relcif, that his due process rights were violated because his conviction was based on no evidence, in which he challenged the the state to produce evidence from states exhibit 140, autopsy report, as to how the applicants act, stabbing, caused an irreversible cessation of spontaneous circulatory and respiratory function which is this courts adopted definition of death which was decided in this courts holding in Grotti V State 273 S.w. 273 See also VTCA. Pev Code $19.01. This is an evidentiary challenge to the autopsy report that claims that the stab wound by the applicant is "a" cause of death but is totally devoid of any evidence as to how that could be true.

5. In the applicants fourth ground for relcif, that he was denied a meaningful appeal by his appellate counsel for erroneously combining a sufficiency of the evidence claim

with a claim of charge error under the heading of a sufficiency of the evidence heading, the Court merely issued broad category questions of: "state specifically whether counsel investigated all possible claims supporting challenges to the evidence. On affidavit, the appellate counsel, Jani Maseli-Wood, states that; "She researched the law regarding sufficiency at length." See affidavit pg 1. This could not be true as appellate counsel never once cites the controlling law set by this court in Malik/Gollihar with regards to the material variance between the indictment, and the evidence at trial. This Court held that; "the focus of inquiry under Malik and Gollihar is upon the elements of the offense, and of course before something can be an element of the offense in the hypothetically correct charge it must be authorized by the indictment." Gollihar 46 S.W. 3d at 258 (citing Malik v. State 953 S.W.2d <u>234</u>. Appellate counsel never cites this controlling case even once much less in regards to the indictment not stating the substantial element of manslaughter namely, recklessness, which separates it from all other homicides. This court has also held that "If a particular intent is a material element of the charged offense, the charging instrument must state the required intent". Smith v. State 517 S.W. 2d 917. Further, Appellate Counsel never cites that an indictment that does not charge an offense does not confer jurisdiction to a trial court to ▓▓▓ charge that offense in its charge to a jury. The State merely makes conclusory references to the Jackson / Strickland Standard and never acknowledges the particular claims made to which the trial court acquiesced.

6. In regards to the applicants fifth ground for relief, that he was denied the effective assistance of his trial counsel, the trial court categorizes a causation defense by not testing the claim of ineffectiveness against the particular circumstances of the applicants case. Particularly, the entire defensive issue for the applicant was that his particular act did not cause the death of the complainant. ▓▓▓▓ Counsel admits in open court that the applicant stabbed the decedent on 3 different occasions yet continued to argue that this act was not the cause of death. However upon the charge conference, there was no objection to the portion of the charge that violates VTCA Pen. Code 6.04(a) 's

4

Prohibition of causation related issues being submitted to a jury, nor was there a request to submitt a causation instruction to a jury charge that pleads homicide to the same act (stabbing), that it also pleads with a NON homicide offense, aggravated assault. Trial counsel further states that they did not call an expert witness hired by the applicant to testify on his behalf because counsel states in their affidavit that; "the expert contacted me and told me that here testimony would be detrimental to my clrats case because she could not say that the stab wound did not cause the death". This makes no sense as the States expert witness, Roger Milton, who performed the autopsy stated that the stab wound did not cause the death and was treatable, which in and of itself was enough to warrant a causation defense at the critical point of the charge conference.

7. In regards to the applicants sixth and eigth grounds, namely that his conviction was obtained by the use of false testimony by a states witness, Jimmy McIntire; and the claim that the applicant was convicted by the use of evidence that is in violation of Rule of Evidence 403, from the testimony of the complaintant's mother who had no probative evidence to the applicants guilt or innocense but was used by the state to inflame the minds of the jury, were not properly tested by the habeas court as it is suggested that these claims would be better stated as challenges to the sufficiency of evidence claims. Here the trial court (habeas court) merely miscategorizes the due process claims as challenges to the sufficiency of the evidence as an avenue not to test them against controlling CCA precident.

8. The Applicants (7) seventh ground for releif, that he is actually innocent of the crime of manslaughter is firmly based on the pure fact that he (1) was never charged with manslaughter and (2) his particular act; namely the lone stab wound did not cause the death of the complaintant. The habeas court has no rebutall for these claims and again miscategorized them as a way not to answer the violation of due process.

5

## Breif Summary of Facts

1. The Court's (habeas court) adopted Findings of fact and conclusions of Law State the applicants claim of error by the Appeallate court do not assert a jurisdictional defect, nor is it regarding a fundemental or constitutional right. However, the applicant has made specific claims of due process violation due to the outcome of that reveiw, and per the Court of Criminal Appeals, art. 11.07 is the appropriate vehicle for testing due process violations in Texas. Ex Parte Brandly 781 s.w.2d 886, 887 (TxCrim. App. 1984)

2. The habeas courts Findings reflect that the applicant did not raise the issue of jury charge error on direct appeal and challenges to the jury charge "generally" must be raised on direct appeal, and that the applicant is attempting to challenge the Sufficiency of the evidence. However the applicant has the burden of showing egregious harm upon habeas reveiw per this Courts holding in Almanza, 686 s.w.2d 174 (tex Crim.App. 1984), to which the applicant has proved fundemental defect in the courts charge

3. The Applicant has shown that Appeallate counsel Sanvi-Maseli-wood did not acknowledge this courts Applicable Law in a Sufficiency of the evidence reveiw namely Malik V State 953 s.w.2d 243, 234 with regards to the hypothetically correct jury charge and Gollihar 46 s.w.3d 258 which holds that material variances render evidence insufficient; and therefore due to the deficient conduct of Appeallate counsel by not citing the fact that the indictment in this case does not allow a conviction on any reckless act, the Applicant has suffered prejudice by the affirming of his conviction of an offense not allowed by this courts controlling Law.

4. The Applicant has proved that the deficient performance by his trial counsel has prejudiced his right to fair trial by withholding sworn affidaurts from his forensic pathologist; and by admitting to his jury that he is guilty of a crime and not properly executing an affirmative defense and not making the process work in the particular case

5. The Applicant has claimed and proved that per the record, states exhibit 140, the

1

States main witness Jimmy McIntire was making different and false statements repeatedly during his testimony.

6. The Applicant contends that violation of Rule of Evidence 403, in which he claims is not procedurally barred as it is a claim of due process violation which is cognizable upon art. 11.07, Ex Parte Williams 65 S.W. 3d 657

7. The habeas court states in its conclusions of law, Numbers 9-11 pg. 7, that the applicant has failed to meet his burden of proof, his allegations are insufficient and he has failed to demonstrate that his conviction was illegally obtained.

8. The applicant contends that had his claims actually been tested as the due process violations that they are, and not miscategorized by generality, he would have sufficiently met his burden of proof by clear record evidence.

Therefore, the Applicant humbly prays that this honorable court docket this cause to be heard de novo on the merits of its content as due process violations to which the great Writ is founded upon, Justice for all not just some.

———— Accepted

———— Rejected

Respectfully Submitted
———— 12/2/14

Thomas L. Swan #1754565
1391 F.m. 3328 Beto Unit
Tenn. Colony, Tx 75880

2